# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
# AT ANCHORAGE

_____ )
_____ )
                    Plaintiff(s), )
vs.                               )
_____ ) CASE NO. 3AN-__-_____
_____ )
_____ )   SUMMONS AND
                    Defendant(s). )  NOTICE TO BOTH PARTIES
_____ )   OF JUDICIAL ASSIGNMENT

To Defendant: _____

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) _____, whose address is: _____
_____.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge _____
    and Master _____.

[ ] This case has been assigned to District Court Judge _____.

                                                CLERK OF COURT

_____                      By: _____
      Date                                      Deputy Clerk

I certify that on _____ a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff  [ ] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(st.3)                          Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110
Facsimile (907) 277-1894
Email yhmetzger@aol.com

COPY
Original Received
SEP 15 2017
Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| WILD WEST GUNS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR AMMUNITION, INC. and LARRY BARNETT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3AN-17-09168 Civil <br> ) |

COMPLAINT

COMES NOW the Plaintiff WILD WEST GUNS, LLC, through its attorney, the Law Offices of Yale H. Metzger, and alleges the following as its complaint:

Parties/Jurisdiction

1. At all times relevant herein, the Plaintiff WILD WEST GUNS, LLC was an Alaska Limited Liability Company with its principle place of business in Anchorage, within the Third Judicial District of the State of Alaska.

2. At all times relevant herein, the Defendant SUPERIOR AMMUNITION, INC was either a South Dakota business corporation which sold firearm ammunition to customers in Anchorage, within the Third Judicial District of the State of Alaska, or was a South Carolina business corporation that was the successor in

1

interest, including successor to the tort liabilities, of the South Dakota business corporation Superior Ammunition, Inc.

3. At all times relevant herein, the Defendant LARRY BARNETT either owned and/or operated the Defendant SUPERIOR AMMUNITION, INC. when it sold firearm ammunition in Anchorage within the Third Judicial District of the State of Alaska.

General Allegations

4. The allegations in paragraphs 1 through 3 are incorporated by reference as if fully set forth herein.

5. Sometime prior to October 4, 2011, Superior Ammunition, Inc. existed as a business corporation organized under the laws of the State of South Dakota.

6. Sometime prior to October 4, 2011, Super Ammunition, Inc. held itself out in its advertising distributed throughout the United States, including Anchorage, Alaska, that it manufactured custom firearm ammunition suitable and safe for sporting uses, including target shooting and hunting.

7. Sometime prior to October 4, 2011, Ernest Meinhardt was a resident of Anchorage within the Third Judicial District of the State of Alaska.

8. Sometime prior to October 4, 2011, the Defendant Larry Barnett represented to Ernest Meinhardt that Superior Ammunition, Inc. engaged in the business of loading custom firearm cartridges suitable and safe for firing in Earnest Meinhardt's rifle which was configured to fire ammunition of a type and caliber known as .300 Weatherby Magnum.

2

EXHIBIT 1
Page 3 of 11

Case 3:18-cv-00043-JWS   Document 1-1   Filed 02/14/18   Page 3 of 11

9. At the time prior to October 4, 2011 when Superior Ammunition, Inc. made the representations to Ernest Meinhardt as described above, Earnest Meinhardt resided in Anchorage, Alaska.

10. Sometime prior to October 4, 2011, Ernest Meinhardt and Superior Ammunition, Inc., through its representative Larry Barnett, entered into an agreement in which Superior Ammunition, Inc. agreed to manufacture certain .300 Weatherby Magnum ammunition for Earnest Meinhardt for use in Earnest Meinhardt's rifle configured to fire .300 Weatherby Magnum Ammunition.

11. Larry Barnett, as the representative and/or agent of Superior Ammunition, Inc. represented to Earnest Meinhardt that Superior Ammunition, Inc. would manufacture the subject .300 Weatherby Magnum ammunition with characteristics, ingredients, uses, benefits, or quantities that caused the ammunition to be safe and suitable for the safe use in Earnest Meinhardt's rifle when the ammunition sold to Earnest Meinhardt did not have the characteristics, ingredients, uses, benefits, or quantities that caused the ammunition to be safe and suitable for the safe use in Earnest Meinhardt's rifle.

12. Larry Barnett, as the representative and/or agent of Superior Ammunition, Inc. represented that the ammunition Superior Ammunition, Inc. would manufacture for Earnest Meinhardt would be of a particular standard, quality, or grade that made the ammunition suitable for use in Earnest Meinhardt's rifle when it was not of the particular standard, quality or grade that made the ammunition suitable for use in Earnest Meinhardt's rifle.

3

EXHIBIT 1
Page 4 of 11

13. Larry Barnett, as the representative and/or agent of Superior Ammunition, Inc., made misrepresentations that the ammunition Superior Ammunition, Inc. would manufacture for Earnest Meinhardt would be safe for use in Earnest Meinhardt's rifle when it was not.

14. Sometime prior to, on, or about October 4, 2011, Superior Ammunition, Inc. caused certain ammunition represented to be safe and suitable for discharging in Earnest Meinhardt's rifle configured to fire .300 Weatherby Magnum ammunition to be manufactured for, sold to, and shipped to, Earnest Meinhardt who resided in Anchorage, Alaska.

15. At all times relevant herein, including prior to September 2015, Wild West Guns, LLC was in the business of manufacturing, repairing, modifying, refinishing and selling firearms, firearms parts, firearms accessories, firearms ammunition and hunting accessories.

16. In September 2015, Earnest Meinhardt delivered his rifle configured to discharge .300 Weatherby Magnum ammunition, along with .300 Weatherby Magnum ammunition manufactured for Earnest Meinhardt by Superior Ammunition, Inc. for use in the particular rifle, to Wild West Guns, LLC for the purpose of (a) removing an existing telescopic sight, (b) installing a new telescopic sight, and (c) adjusting the new telescopic sight to cause the point of a bullet discharged from the rifle to impact a target at the point where the cross-hairs of the telescopic sight intersected one another at an established distance (hereinafter

4

EXHIBIT 1

referred to as "sight in the rifle").

17. In September 2015, Wild West Guns, LLC employed Brian Swanda whose duties included installing telescopic sights on rifles and sighting in the rifle after the telescopic sight was installed.

18. On or about September 18, 2015, Brian Swanda, during the scope and course of his employment by Wild West Guns, LLC (a) removed the existing telescopic sight from Earnest Meinhardt's rifle, (b) installed the new telescopic sight on the rifle, and (c) took the rifle to the Rabbit Creek shooting range operated by the State of Alaska Department of Fish and Game to sight the rifle in using the ammunition supplied by Earnest Meinhardt which has been manufactured and sold by Superior Ammunition, Inc.

19. When ammunition such as that manufactured for Earnest Meinhardt by Superior Ammunition, Inc. described above performs properly, the explosion of the propellant within the ammunition cartridge while loaded into the rifle creates rapidly expanding gases which are contained by the rifle and cartridge case, and escape from the cartridge case and rifle only by propelling the bullet, which is a component of the loaded cartridge, through bore of the barrel of the rifle, all without causing damage to the rifle other than expected and normal wear and tear associated with the use of a properly functioning firearm and properly functioning ammunition.

20. On or about September 18, 2015, while sighting Earnest Meinhardt's rifle in at the Rabbit Creek shooting range, and

while using ammunition supplied by Earnest Meinhardt that was manufactured by Superior Ammunition, Inc. specifically for the subject rifle, Brian Swanda's attempt to discharge or firing of the ammunition resulted in the cartridge case and rifle to fail to contain the explosive charge of the ammunition propellant by only propelling the cartridge's bullet down the bore of the barrel, and instead caused the rifle to fail in a manner in which it rapidly separated into numerous pieces that destroyed the rifle, cartridge and telescopic sight, and injured Brian Swanda.

21. Wild West Guns, LLC, as the employer of Brian Swanda, was required by the provisions of Alaska Workers' Compensation Act at AS 23.30.001 - .400 to provide Workers' Compensation benefits in the form of payment of medical expenses and for time lost from work for Brian Swanda as a result of the incident on September 18, 2015 during which Brian Swanda was injured while firing Earnest Meinhardt's rifle.

22. Wild West Guns, LLC provided the Workers' Compensation benefits to Brian Swanda as a result of the injuries Brian Swanda sustained in accordance with the requirements of the Alaska Workers' Compensation Act at AS 23.30.001 - .400.

23. By providing Workers' compensation benefits to Brian Swanda pursuant to the Alaska Workers' Compensation Act at AS 23.30.001 - .400, Wild West Guns, LLC received an assignment of any claim Brian Swanda may have against the Defendants Superior Ammunition, Inc. and/or Larry Barnett in the captioned case.

24. On or about July 31, 2017, Wild West Guns, LLC paid Ernest Meinhardt $9,316.49 for Ernest Meinhardt's rifle that was damaged on or about September 18, 2015 as described above, the telescopic sight that had been mounted onto the rifle that was damaged, certain ammunition manufactured by the Defendant Superior Ammunition, Inc. and an assignment by Earnest Meinhardt to Wild West Guns, LLC of any claim Ernest Meinhardt may have had against any party in any manner related to the destruction of the above rifle.

## COUNT I
### (Negligence)

25. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

26. The Defendants' conduct in manufacturing and selling the subject ammunition was negligent.

27. The Defendants' negligence harmed and/or damaged the Plaintiff.

28. The Defendants are liable to the Plaintiff for the harm and/or damages caused by the Defendants' negligence.

## COUNT II
### (Unfair Trade Practices)

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. The Defendants' conduct in manufacturing and selling the subject ammunition was an unfair trade practice in violation of AS 09.50.471 - .561.

7

EXHIBIT 1, Page 8 of 16

31. The Defendants' unfair trade practice(s) harmed and/or damaged the Plaintiff.

32. The Defendants are liable to the Plaintiff for the harm and/or damages caused by the Defendants' unfair trade practice(s).

## COUNT III
### (Negligence Based on the Doctrine of *Res Ipsa Loquitur*)

33. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

34. The incident that caused property damage and personal injury on or about September 18, 2015 described above would not ordinarily occur absent the Defendants' negligence.

35. The Defendants' conduct that was subject to the negligence legal doctrine of *res ipsa loquitur* harmed and/or damaged the Plaintiff.

36. The Defendants are liable to the Plaintiff for the harm and/or damages caused by the Defendants' pursuant to the negligence legal doctrine of *Res Ipsa Loquitur*.

## COUNT IV
### (Breach of Warranty, Including Warranties Under the Uniform Commercial Code)

37. Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. The Defendants' conduct included various warranties, including warranties of merchantability and fitness for a particular purpose recognized by the Uniform Commercial Code as adopted by both the State of Alaska and the State of South Dakota.

39. The Defendants' breached the various warranties that were created in the sale of the firearms ammunition which is the subject of the captioned law suit.

40. The Defendants are liable to the Plaintiff for their breach of each and every warranty to which the sale of the ammunition which is the subject of the complaint in the captioned case was subject.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that he be awarded the following damages:

1. Special damages, including past and future medical expenses incurred by Brian Swanda, and past property damage, and past damage to the plaintiff's business interests, in an amount to be proven at trial.

2. Statutory treble damages as provided by AS 09.50.531, and damages as set forth at AS 45.50.537, including, but not limited to, costs and full reasonable attorney's fees.

3. Prejudgment interest, post judgment interest, costs and attorney's fees, including full reasonable attorney's fees pursuant to AS 45.50.537 incurred in bringing this action.

4. Costs, interest and attorney fees pursuant to court rules.

5. Any additional relief, including equitable relief, the Court deems appropriate under the circumstances.

DATED this 15TH day of September 2017 at Anchorage, Alaska.

                                        The Law Offices of Yale H. Metzger
                                        Attorney for the Plaintiff

                                          By: Yale H. Metzger
                                          Alaska Bar No. 9512082

**CLERK'S CERTIFICATION**

The Clerk of the Trial Courts for the Superior Court for the Third Judicial District of the State of Alaska at Anchorage certifies that a copy of the complaint in the captioned case has been served on U.S. Mail to the Attorney General for the State of Alaska pursuant to the provisions of AS 45.50.531(c).

_____
Clerk                    Date

10

EXHIBIT 1
Page 11 of 11

Case 3:18-cv-00043-JWS   Document 1-1   Filed 02/14/18   Page 11 of 11