# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

WILD WEST GUNS, LLC, and
ALASKA NATIONAL INSURANCE
COMPANY,

    Plaintiffs,

vs.

SUPERIOR AMMUNITION, INC. and
LARRY BARNETT,

    Defendants.

3:18-CV-00043 JWS

ORDER AND OPINION

[Re: Motion at docket 26]

## I. MOTION PRESENTED

At docket 26 Defendant Larry Barnett ("Barnett") moves to dismiss all claims asserted against him under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. At docket 39, Plaintiff Wild West Guns, LLC ("Wild West") opposes the motion. Barnett replies at docket 45. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Wild West's complaint alleges that Defendant Superior Ammunition, Inc. ("Superior Ammunition"), a business corporation organized under the law of South Dakota, sold defective ammunition to Anchorage resident Ernest Meinhardt ("Meinhardt"). The complaint alleges that the ammunition was custom-made for Meinhardt's rifle. It alleges that the defective ammunition resulted in personal injury to

-1-

Mr. Brian Swanda ("Swanda"), an employee of Wild West, who had been test firing the rifle, which was loaded with the custom ammunition, in conjunction with work Wild West was doing on Meinhardt's rifle.

The complaint alleges that Barnett either owned and/or operated Superior Ammunition at the time the ammunition was sold. It alleges that Barnett, as the representative and/or agent of Superior Ammunition, made various representations to Meinhardt about the characteristics, quality, and safety of Superior Ammunition's custom ammunition and represented that it could manufacture ammunition suitable and safe for use in Meinhardt's rifle. It alleges that Superior Ammunition agreed to sell Meinhardt custom-made ammunition for use in Meinhardt's rifle and then manufactured and shipped that ammunition to Meinhardt in Alaska.

After the incident with Swanda, Wild West paid Meinhardt for the firearm and took an assignment of his claims related to the ammunition. Wild West then filed its complaint against Superior Ammunition and Barnett in Alaska state court. Superior Ammunition removed the case to federal court, and Barnett now moves to dismiss all claims against him.

At docket 8, the court directed the parties to meet before filing a Rule 12(b) motion. The purpose of such an order is to prompt the parties to consider whether an amendment could cure any alleged pleading deficiencies and thereby avoid unnecessary motion practice. Any Rule 12(b) motion had to be accompanied by a certification that the parties met as directed or risk being stricken by the court. Barnett failed to file the requisite certification with his motion and admitted that he did not confer with Plaintiff as to whether the asserted defects could be cured by an amended pleading. A meeting to consider Barnett's Rule 12(b)(6) argument—that Plaintiff failed to plead facts that state an independent claim against him or pierce the corporate veil—could have served the purpose of the court's directive and prompted the Plaintiff to attempt to cure the alleged defect. However, Barnett's Rule 12(b)(2) argument—that the court cannot exercise personal jurisdiction over him—is not curable by amendment

and a meeting between the parties would have been futile in saving the court and parties time and effort. Therefore, the court will consider the motion at docket 26, but only to the extent it challenges personal jurisdiction.

### III. STANDARD OF REVIEW

"Where a defendant moves to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, the plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant."[1] Where the motion is based only upon written materials, rather than an evidentiary hearing, the plaintiff is required only to make a prima facie showing of personal jurisdiction.[2] Uncontroverted allegations in the complaint are taken as true, and conflicts between parties over statements contained in affidavits are resolved in favor of the plaintiff.[3]

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."[4] Alaska's long-arm statute authorizes the exercise of jurisdiction to the extent permitted by federal due process requirements.[5] Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[6]

### IV. DISCUSSION

The parties agree that the court does not have general personal jurisdiction over Barnett. Indeed, based on Barnett's uncontroverted affidavit, he does not have

---

[1] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[2] *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

[3] *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

[4] *Fred Martin Motor Co.*, 374 F.3d at 800.

[5] *Volkswagenwerk, A.G. v. Klippen, GmbH*, 611 P.2d 498, 500 (Alaska 1980).

[6] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

"substantial, continuous, and systematic" contacts with the state of Alaska.[7] The parties' dispute is focused on whether the court may exercise specific personal jurisdiction over Barnett—that is, jurisdiction with respect to the claims at issue in this case. Wild West's basis for jurisdiction rests primarily on Alaska's long-arm statute AS 09.05.015, which provides several specific grounds for jurisdiction. Wild West argues that AS 09.05.015(a)(4) is applicable here. That subsection gives the court jurisdiction over a defendant in a personal injury lawsuit where the injury arose out of an act or omission by the defendant out of state, as long as at the time of the injury the defendant either engaged in solicitation or service activities in state or manufactured products that were used in state in the ordinary course of trade. Wild West also argues that AS 09.05.015(a)(5) is applicable here because it gives the court jurisdiction over a defendant in an action that arises out of a promise made by the defendant to deliver goods in state or an action that relates to goods received by the plaintiff in state from the defendant. Wild West argues that its complaint alleges Barnett made representations and provided advice to a resident of Alaska about Superior Ammunition's goods and that those goods were shipped to Alaska and received by Meinhardt in Alaska and eventually caused injury due to their allegedly defective nature. Wild West concludes "[s]ince the courts of the State of Alaska had personal jurisdiction over . . . Barnett [under the state statute], the United States District Court for the District of Alaska also has personal jurisdiction over . . . Barnett."[8]

    Wild West's argument is misplaced. While AS 09.05.015 provides several specific grounds for jurisdiction that fit the factual basis for this lawsuit, the court's exercise of jurisdiction over Barnett is nonetheless constrained by federal due process. That is, the statute sets forth situations where the court has jurisdiction over an out-of-

---

[7] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 1205 (9th Cir. 2006).

[8] Doc. 39 at p. 17.

state defendant, but only "to the maximum extent permitted by due process under the federal constitution."[9] "Thus, 'the statutory and constitutional requirements merge into a single due process test,' such that an analysis of [Barnett's] jurisdictional argument under the federal Due Process Clause is dispositive."[10]

The Ninth Circuit uses a three-part test to determine whether a defendant has sufficient contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.[11]

"The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state."[12] If the plaintiff succeeds, the burden shifts to the defendant to make a compelling case that exercising jurisdiction over him would be unreasonable.[13]

Under the first prong of the test, the court engages in either a "purposeful availment" analysis for contract and negligence cases or a "purposeful direction" analysis for intentional tort cases.[14] Here, Barnett is not alleged to have engaged in any

---

[9]*Harper v. BioLife Energy Systems, Inc.*, 426 P.3d 1067, 1071 (internal quotation marks omitted).

[10]*Samson Tug & Barge Co., Inc. v. Koziol*, 869 F. Supp. 2d 1001, 1008 (D. Alaska 2012) (quoting *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1269 (9th Cir. 1981)).

[11]*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quotation omitted).

[12]*Id.* (quotation omitted).

[13]*Id.*

[14]*See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (rejecting the plaintiff's request to apply the purposeful direction analysis–referred to as the

intentional tortious conduct. Wild West's complaint alleges negligence claims, a contract-based claim, and a UTPA claim. Accordingly, the court must apply the "purposeful availment" analysis.[15]

The purposeful availment analysis requires the court to look at whether the non-resident defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."[16] Typically, this requires evidence of a defendant's actions that occurred in the forum state, such as executing or performing a contract there.[17] The focus must be on the "actions by the defendant *himself* that create a substantial connection with the forum State."[18] The defendant's actions in and connections with the forum State must be of a nature that "he should reasonably anticipate being haled into court there."[19]

Barnett's connections to Alaska are minimal. He came to the state twice for recreational purposes. He did not engage in business activities while here. The only business contacts alleged are telephone conversations between Barnett and Meinhardt while Barnett was in South Dakota and Meinhardt was in Alaska. The complaint alleges Meinhardt talked to Barnett in his role as representative or agent of Superior Ammunition about an ammunition order. Barnett acknowledges that in his capacity as a representative of Superior Ammunition he took phone calls and processed orders over the phone. He acknowledges that Meinhardt called Superior Ammunition and placed an

---

*Calder* effects test– "because it is well established that the *Calder* test applies only to intentional torts, not to the breach of contract and negligence claims presented here.").

[15]The court agrees with and adopts Barnett's further reasoning as to why the purposeful availment analysis applies over the purposeful direction analysis. Doc. 26 at p. 12, n.6.

[16]*Boschetto v. Hansing*, 539 F.3d 1011,1016 (9th Cir. 2008) (quotation omitted).

[17]*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

[18]*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (internal quotation marks omitted).

[19]*World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

order for ammunition that is the subject of the litigation. He acknowledges that he may have been the representative who took the phone call and communicated with Meinhardt about the order. Telephone conversations, even those involving business negotiations, "simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state."[20] Moreover, Barnett states that any communications would have originally been initiated by Meinhardt. Wild West does not contradict this assertion.

As noted above, the Court can only consider the contact that Barnett *himself* created with the forum. That is, Superior Ammunition's contacts with Alaska cannot be attributed or imputed to Barnett.[21] Barnett avers that he did not execute a contract with Meinhardt, manufacture the ammunition, or ship the ammunition.[22] Wild West does not contend otherwise. Nor does Wild West contend that Barnett himself made any solicitations or initiated any contact with Meinhardt. Barnett's contacts are simply insufficient to constitute purposeful availment, and consequently the court's exercise of jurisdiction over Barnett would deprive him of due process of law.[23]

Even if Wild West had somehow been able to show purposeful availment and the proper connection between Barnett's forum-related activities and the claims, the court

---

[20]*Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985); *see also Hunt v. Erie Ins. Grp.*, 728 F.2d 1244 (9th Cir. 1984) ("The mere fact that [defendant] communicated with [plaintiff] in the state, and may have committed a tort in the exchange of correspondence, does not show that [defendant] purposefully availed itself of the privilege of conducting business in California."); *Green Country Crude, Inc. v. Avant Petroleum, Inc.*, 648 F. Supp. 1443, 1451 (D. Kan. 1986) ("The mere negotiation of a sales transaction, or placement of an order for goods, over the telephone with person residing in [the forum state] does not invoke the benefits and projections of the law of [the] state.").

[21]*Calder v. Jones*, 465 U.S. 783, 790 (1984) (stating that for individuals who acted in a corporate setting, each defendant's contacts with the state must be assessed individually).

[22]The declaration asserts that at the request of Meinhardt, Superior Ammunition shipped the subject ammunition to an address in the State of Washington. Doc. 27 at p. 3 at para. 16.

[23]*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (noting that if the plaintiff fails to show the first prong of the test, the court need not address the other prongs).

agrees with Barnett's assessment that the court's exercise of specific jurisdiction here would be unreasonable.[24]

Wild West alternatively asks the court to deny Barnett's motion because he voluntarily submitted to jurisdiction in the state or waived his ability to challenge personal jurisdiction. Wild West relies on *In re Estate of Fields* [25] for the proposition that Barnett consented to the court's jurisdiction when he filed an entry of appearance that was not limited. For the reasons articulated in Barnett's reply at docket 45, which the court adopts herein, *In re Estate of Fields* is inapposite. Unlike that case, the party challenging jurisdiction is the defendant, and he did not appear without challenging jurisdiction.

Wild West argues that Barnett waived any challenge to personal jurisdiction by participating in the litigation—issuing a subpoena, giving and receiving mandatory initial disclosures, and giving and receiving preliminary witness lists. A defendant abandons a personal jurisdiction defense when he fails to raise the issue in either a responsive pleading or a Rule 12 motion.[26] Barnett raised the defense in his answer. However, even if a defendant preserves the defense by reciting it in an answer, it may nonetheless be forfeited if the defendant thereafter substantially participates in the litigation without actively pursing his Rule 12(b)(2) defense.[27] While the court notes that Barnett did not indicate his intent to file a motion challenging jurisdiction in the scheduling and planning order and filed the motion more than six months after the case was removed , it nonetheless finds that Barnett may pursue his constitutional defense given that the case has not proceeded to the merits.

---

[24]*See* doc. 26 at pp. 17-18.

[25]219 P.3d 995 (Alaska 2009).

[26]Fed. R. Civ. P. 12(h)(1)

[27]*See Enters. Int'l, Inc. v. Pasaban, S.A.*, 2012 WL 2576359, at * 3(W.D. Wash. July 3, 2012); 5C Wright & Miller, Federal Practice & Procedure, § 1391 (3d ed.).

-8-

## V.  CONCLUSION

Based on the preceding discussion, Barnett's motion at docket 26 is GRANTED. Barnett is dismissed from this case.

DATED this 23rd day of February 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT